**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------X----------------------------
DANTE JONES                         :
        Plaintiff,              :
                                   :      CASE No.: 11-5568
   against                      :
                                   :      CIVIL ACTION
                                   :
                                   :      **AMENDED COMPLAINT**
THE CITY OF NEW YORK,               :
                                   :
DET. JOSEPH PERRY; SGT THOMAS       :      **PLAINTIFF'S DEMAND**
KENNEDY                             :      TRIAL BY JURY
        Defendant(s)            :
------------------------------------X----------------------------

    TAKE NOTICE, the Plaintiff, Dante Jones, hereby appear in this action by his attorneys, Umoh Law Firm, and demands that all papers be served upon him, at the address below, in this matter.

    Plaintiff, Dante Jones, by his attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, P.O. Joseph Perry, Sgt. Thomas Kennedy, and "Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## **JURISDICTION**

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## **PARTIES**

6. Plaintiff Dante Jones resides in Brooklyn, New York and is a resident of the State of New York. Plaintiff was 17 years old at the time of his arrest.

7. Defendant Police Officers are, and at all times relevant to this action, were officers employed by the City of New York and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. On or about July 18, 2008, at approximately 10:30 AM, at

590 Ocean Avenue in Brooklyn, New York, plaintiff was siting on his front porch when 3 or 4 plaintiff clothes police officers approached him. He was seated alone.

10. Plaintiff was handcuffed and taken to the 70th precinct, where he was held for approximately 30 minutes before his mother arrived. Plaintiff was eventually questioned in the absence of his mother for approximately an hour. He was eventually charged with assault in the first second and third degree, menacing, reckless endangerment, attempted murder, criminal possession of a weapon and criminal use of a weapon.

11. The arresting officers did not tell plaintiff why he was being arrested, not read him any rights.

12. Prior to and after conducting the unlawful arrest against the plaintiff, plaintiff informed the police officers that plaintiff was not the suspect they sought and there was no cause to take him into custody.

13. The plaintiff was questioned without the benefit of a lawyer or a parent. Thereafter the plaintiff was taken to Central Booking where they were housed in a holding pen with numerous other arrested persons.

14. After being duly detained at central booking, plaintiff was arraigned and charged with murder. He was held for over 24 hours in jail before he saw a judge.

15. That even though the defendant police officers and District Attorney knew, or should have known, based on the facts that no crime had been committed, they still proceeded to arrest plaintiff, charge and then drop same charges, assault and incarcerate plaintiff just to intimidate plaintiff, further aggravating the plaintiff's injuries.

16. That at no time during the arrest was plaintiff read his Miranda rights. The charges were eventually dropped against plaintiff on May 19, 2010.

17. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff trespass at the alleged property or commit any illegal acts, or engage

   in any conduct which in any way justified the brutal and unlawful actions of the police.

18. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

19. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment and malicious prosecution, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

20. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

21. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

22. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

23. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in

unlawful conduct.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

26. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

27. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

28. A written claim was filed upon the City of New York, and at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

29. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

30. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below

31. By detaining and imprisoning Dante Jones without justification, probable cause or reasonable suspicion, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments

of the United States Constitution.

32. In addition, the Defendants officers conspired among themselves to deprive plaintiff of HIS constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

33. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

34. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## SECOND CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

35. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below

36. By maliciously prosecuting Dante Jones without justification, probable cause, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

37. In addition, the Defendant officers and district attorney conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

38. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as agents of the City of New York. Said acts by the defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

### THIRD CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

40. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

41. By detaining and imprisoning Dante Jones, without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

42. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

43. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

44. Defendants, their officers, attorneys, agents, servants and

employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

## FOURTH CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

40. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

41. By maliciously prosecuting Dante Jones, without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

42. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

43. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

44. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

### FIFTH CAUSE OF ACTION:

Assault and Battery--all Defendants

46. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

42. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

43. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

### SIXTH CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

44. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

45. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiffs.

46. The wrongful arrest and imprisonment of the Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

47. At all relevant times, the Officers Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

48. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

49. Throughout this period, the Plaintiff was unlawfully,

wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

50. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

51. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

52. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

### SEVENTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

54. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

55. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

56. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

57. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## EIGHTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

59. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

60. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

61. Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

62. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

63. Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiffs' injuries.

64. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiffs incurred significant and lasting injuries.

## NINTH CAUSE OF ACTION:

Negligence against all defendants.

65. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

66. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

67. That by reason of the said negligence, plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

68. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**TENTH CAUSE OF ACTION:**

Denial of a Fair Trial -against all defendants.

69. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

70. Upon information and belief, defendants City of New York, misrepresented information and behaved in a manner that denied plaintiff the right to a fair trial.

71. Upon information and belief, because of the defendants' conduct, Plaintiff incurred significant and lasting injuries.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2.  On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3.  On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4.  On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5.  On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6.  On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

7.  On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

8.  On the Eighth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

9.  On the Ninth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

10. On the Tenth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

8.  Such other and further relief as this Court may deem necessary in the interest of justice.

JONES/ Civ./ Summ. and Complaint .                                    Page 13

Dated:
May 8, 2012

Brooklyn, New York

                      Respectfully Submitted


                    _____/s/_____
  By:  NKEREUWEM UMOH Esq.
       25 Bond Street,
       4th Floor
       Brooklyn, New York 11201
       Tel. No.  : (718) 360-0527
       Fax No.   : (800) 516-5929